Approved by: _____
HAMZAH KHAN
Special Assistant United States Attorney

Before:   THE HONORABLE KIM P. BERG
          United States Magistrate Judge
          Southern District of New York

                                                    7:23-MJ-7071(KPB)
- - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA              :     MISDEMEANOR
                                            COMPLAINT
                                      :
         -v-                                Violation of
                                      :     NYVTL 1192(3)
                                            NYPL 165.05 (2)
ANTHONY J. BIANCHI                    :     NYPL 240.20 (1)
                                            NYVTL 1110(a)

                                      :     COUNTY OF OFFENSE:
         Defendant                          ORANGE
                                      :
- - - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

     STERLING STUCKEY, being duly sworn, deposes and says that she is a Court Liaison, assigned to the United States Military Academy, West Point, New York, and charges as follows:

                        COUNT ONE

     On or about July 23, 2023, on the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, ANTHONY J. BIANCHI, the defendant, unlawfully, knowingly, and willfully did operate a motor vehicle upon a public roadway while intoxicated, to wit, the defendant was observed operating a motor vehicle at Thayer Gate, West Point, New York, after having consumed alcoholic beverages.

     (New York State Vehicle & Traffic Law, Section 1192(3))

                        COUNT TWO

     On or about July 22, 2023, on the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United Sates, in the Southern District of New York, Anthony J. BIANCHI, the defendant, unlawfully, knowingly and willfully misused a government vehicle, to-wit, defendant used a government vehicle for personal use

when he drove the government vehicle from his home to Eisenhower Hall for a personal function and then to the Thayer Hotel for drinks.

(New York Penal Law, Section 165.05(2))

COUNT THREE

On or about July 22, 2023, on the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United Sates, in the Southern District of New York, Anthony J. BIANCHI, the defendant, unlawfully, knowingly and willfully conducted himself on West Point Military Reservation property in a manner which caused a public inconvenience, annoyance or alarm by engaging in violent, tumultuous or threatening behavior, to wit: the defendant because verbally abusive to wait staff at Eisenhower Hall while in the buffet line.

(New York Penal Law, Section 240.20(1))

COUNT FOUR

On or about July 22, 2023, on the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United Sates, in the Southern District of New York, Anthony J. BIANCHI, the defendant, unlawfully, knowingly and willfully failed to obey an official traffic-control device, to wit: the defendant failed to stop at a posted stop sign at Thayer Gate.

(New York State Vehicle & Traffic Law, Section 1110(a))

The basis for the deponent's knowledge and for the foregoing charges are, in part, as follows:

1. I am a Court Liaison, assigned to the Provost Marshal Office, at the United States Military Academy, West Point, New York, which is located in the Southern District of New York.

2. Upon information and belief, on or about July 22, 2023, at approximately 8:40 p.m., SPC Cox and SGT Jackson were dispatched to Eisenhower Hall in reference to a call regarding a verbal dispute between the defendant and wait staff, Ian Blair. Upon arrival, SGT Jackson observed the defendant consume what appeared to be an alcoholic beverage. SGT Jackson then approached the defendant and observed multiple signs of

impairment consisting of slurred speech and the odor of an alcoholic beverage emanating from his breath. Further investigation revealed that the defendant was upset over the food he was served and was verbally aggressive to Mr. Blair and threatened to fire him. SGT Jackson and SPC Cox were on the scene until 10:10 p.m., collecting sworn statements and field worksheets. At some point in the evening that defendant had left the area.

3. At 12:03 a.m., SPC Cox was dispatched to Thayer Gate for a call regarding a possible open container violation. SGT Jackson arrived on scene at approximately 12:38 a.m. to assist. As SGT Jackson was approaching SPC Cox, the defendant drove up operating his government vehicle and stopped to ask the driver of the vehicle SPC Cox was talking to if everything was okay. SGT Jackson informed him everything was fine and then observed that the government vehicle did not stop for the Department of the Army Security Guard to provide his identification and proceeded to disregard the posted stop sign. Because of the previous incident at Eisenhower Hall, SGT Jackson contacted the MP desk to inform them of the defendant's failure to stop at the Thayer control point.

4. At approximately 12:40 a.m., SGT Jackson left the gate area to locate the defendant and initiate a traffic stop. SGT Jackson was unable to locate the vehicle on the roadway so the other patrols began looking in the housing areas for the government vehicle. SGT Jackson located the vehicle at the defendant's on post house. SGT Jackson left SPC Washington at the residence to observe the vehicle in case the defendant tried to leave. SGT Jackson returned the military police station to discuss how to proceed.

5. At 1:35 a.m., the Provost Marshal, MAJ Beaumont, along with the defendant's colleagues, returned to his house to get him to come out and go the police station. Command Sergeant Major (CSM) Fraser, along with Mr. Erik Mitchell entered the defendant's home to check on him and get him to go outside to talk with the military police. After approximately 15 minutes, the defendant walked out and was taken to the police station. He was placed in the interview room to begin the 20-minute observation.

6. While in the observation room, the defendant became agitated and uncooperative. At 3:18 a.m., the observation period ended and SGT Morales attempted to provide the defendant with the Blood Alcohol Content (BAC) Consent form. The defendant continued to be uncooperative and stated he wanted a lawyer. At 3:50 a.m., the defendant was advised of his rights that he was being arrested for suspected driving while intoxicated and the defendant invoked his rights and requested an attorney. At 4:40 a.m., the Military Police Commander, CPT Molly Williams, who is

the defendant's commander, telephonically ordered him to submit a blood sample for testing and that if he refused he would be in violation of Article 92 of the Uniform Code of Military Justice for failing to obey a lawful order. The defendant refused.

7. The defendant was released to CSM Fraser and was directed to return later that day for processing. The defendant returned at 8:30 p.m. and was fingerprinted and processed.

8. The defendant was issued one District Court Violation Notice for Driving Intoxicated (DCVN Number E14881145/SY10), one District Court Violation Notice for Unauthorized Use of a Vehicle in the third degree (DCVN Number E1488144/SY10), one District Court Violation Notice for Disorderly Conduct (E1488143/SY10) and one District Court Violation Notice for Disobedience to Required Traffic Control Device (DCVN E1488141/SY10).

9. The defendant was released.

**WHEREFORE**, deponent prays that the above-named defendant be imprisoned or bailed, as the case may be.

_____
STERLING S. STUCKEY
Court Liaison

Sworn to before me this
3rd day of November 2023

_____
HONORABLE KIM P. BERG
United States Magistrate Judge
Southern District of New York