IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | :    7-23-MJ-7071 (KPB) |
| | : |
| ANTHONY J. BIANCHI | : |

MEMORANDUM OF LAW IN SUPPORT OF MOTION IN *IN LIMINE* TO PRECLUDE
REFERENCE TO A VIDEO DEPICTING THE DEFENDANT KISSING A WOMAN

Reference to a video depicting Mr. Bianchi kissing a woman, other than his wife, is barred pursuant to Federal Rules of Evidence 401, 402, 403 and 404(b).

The defendant anticipates that the Government will seek to make reference to and/or offer into evidence the afore-mentioned video.

Mr. Bianchi's kissing a woman should be precluded as it is not relevant to any of the charges set forth in the instant Misdemeanor Complaint. Federal Rules of Evidence 401 and 402. In particular, although Mr. Bianchi is married, the mere kissing of a woman, other than his wife, is not evidence of intoxication, nor is it relevant to the elements of any other charge brought against Mr. Bianchi.

Instead, this video should be precluded, pursuant to, Federal Rule of Evidence 403, as it is not only highly prejudicial to the defendant, but it will also lead to a confusion of the issues and tend to mislead the jury as to the relevant issues.

Federal Rule of Evidence 404(b) precludes the admission of other crimes, wrongs or acts "to prove the character of a person in order to show conformity therewith." Nevertheless, under Rule 404(b) such evidence is admissible for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or the absence of mistake."

However, the acts depicted in the video do not qualify as an exception consistent with any category set forth in Rule 404(b).

In the present case, the defendant anticipates the Government may attempt to make reference to the video or offer such evidence for purposes other than those permitted by the rule. The Courts have emphasized that Federal Rule of Evidence 404(b) prohibits the admission into evidence of extrinsic acts intended to suggest to the jury unfavorable references reflecting on the defendant's character. United States v. Scarfo, 850 F.2d 1015, 1018 (3rd Cir. 1988), 109 S.Ct. 263 (1988) cert. denied.

Even assuming *arguendo*, that the Government was able to offer a proper purpose for the introduction of this evidence, under Rule 404(b), the Court must still evaluate it under the limitations of Federal Rules of Evidence 401, 402 and 403. In particular, the court must inquire "whether that evidence is probative of a material issue other than character" United States v. Scarfo *supra* at 1019 citing United States v. Huddleston, 485 U.S. 681, 109 S.Ct. at 1499. As previously stated, the act depicted in the video is not evidence of intoxication, nor is it relevant to the elements of any other charge brought against Mr. Bianchi. Instead, the video is not only highly prejudicial to the defendant, but it will also lead to a confusion of the issues and tend to mislead the jury.

Should the Court find that the video is relevant, Federal Rule of Evidence, 403 still allows the Court to exclude relevant evidence if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. The prejudicial impact of the jury viewing, or even being made aware of, the defendant's kissing of a woman, other than his wife, substantially outweighs the relevant value of such information. Such would clearly create undue prejudice, confusion of the issue and could mislead the jury.

Thus, Federal Rules of Evidence 401, 402, 403 and 404(b), as well as fundamental consideration of fairness, preclude any reference to, and/or introduction into evidence of the aforementioned video.

Respectfully submitted;

_____
JOHN L. BUCKHEIT, ESQ.
Attorney for Anthony J. Bianchi

3