

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

September 10, 2024

**BY ECF**
The Honorable Kim P. Berg
United States Magistrate Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *United States v. Anthony Bianchi*, **24 Cr. 483 (KPB)**

Dear Judge Berg:

    The Government respectfully writes, pursuant to under Federal Rules of Evidence 401 and 403, to request the Court preclude defense examination and argument designed to improperly shift the focus of the trial from the charges against the defendant to the conduct of the criminal investigation.  For example, earlier today, defense counsel extensively cross-examined of Sergeant Trevor Cox on the purported lack of additional witness interviews conducted by the military police at Eisenhower Hall.  This line of questioning is improper.

    Courts in this Circuit have routinely precluded evidence of the Government's conduct of its criminal investigation.  Indeed, in *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997), the Second Circuit affirmed the preclusion of evidence regarding "confidential law enforcement information allegedly leaked by Federal Bureau of Investigation ('FBI') agent R. Lindley DeVecchio to Scarpa, a Persico faction member and an FBI informant," because "[t]he likely (and presumably intended) effect of admitting [this] evidence . . . would have been to shift the focus away from the relevant evidence of the defendants' wrongdoing to the tangentially related misdeeds of one government agent."  *See also United States v. Reese*, 933 F. Supp. 2d 579, 583-84 (S.D.N.Y. 2013) ("a defendant 'may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case.'" (*quoting United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004)); *United States v. Ortiz*, 367 F. Supp. 2d 536, 547-48 (S.D.N.Y. 2005) (holding that defendant's rights were not violated by refusal to grant an adjournment so he could develop defense that he had been setup by police since any evidence supporting the theory would have been inadmissible under Rule 403 anyway).

    A defendant's allegation that the investigation was in some way defective does not make the alleged deficiency relevant, absent some connection between the claimed deficiency and the evidence of the charges.  As the Tenth Circuit has explained:

> Admittedly, the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant. . . . However, in [the defendant's] case, he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial. . . . To have allowed [the defendant] to put the government on trial . . . would inevitably divert the jury's attention from the issues of the trial.

*United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (internal citations omitted) (commending the trial judge for "keeping the focus of the trial upon the issues properly before the jury"), *abrogated in part on other grounds by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999); *see also United States v. Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (upholding trial court's exclusion of exploration of the quality of the investigation, as such inquiry would be "time-consuming and of little relevance"; issue is whether "the government's witnesses were truthful and whether their testimony was sufficient to convict"); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding district court's refusal to allow defense to attack government's investigation as "sloppy" because the jury's role was not to pass on the government's investigation).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

        By: /s/
        Jared D. Hoffman
        Alexander N. Li
        Assistant United States Attorneys
        Southern District of New York
        (914) 993-1928 / (212) 637-2265

        Andrea L. Mills
        Special Assistant United States Attorney
        Southern District of New York