

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

September 12, 2024

**BY ECF**
The Honorable Kim P. Berg
United States Magistrate Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      **Re:**    *United States v. Anthony Bianchi*, **24 Cr. 483** (**KPB**)

Dear Judge Berg:

      The Government respectfully writes, in advance of the charge conference, to propose the following additions and revisions to the Court's draft instructions to the jury dated September 3, 2024.

- Page 15 (Statements of the Defendant):  The Government proposes striking the words "by the Government," in the sentence beginning:  "It is for you to decide (1) whether the Defendant made the statement attributed to him **by the Government**."  Any statements by the defendant in evidence are attributed to the defendant by the witnesses, documents, or recordings, not by the Government.

- Page 17 (Right to Counsel):  After instructing the jury on the use of evidence obtained pursuant to searches, the Government proposes providing the jury with the limiting instruction that the Court issued during the trial on consent (Tr. 86-87, 174), with the following added words in bold for context:  "You have heard testimony that the defendant requested an attorney **at the military police station**.  I instruct you that the defendant has a constitutional right to request an attorney at any time and you may not draw any negative inference from his assertion of that right to request to have an attorney.  The military police did not violate the defendant's constitutional right to an attorney by asking him to submit to a blood alcohol test without an attorney present."

- Page 18 (Particular Investigative Techniques Not Required):  The Government proposes striking the second sentence in the paragraph:  "You may have heard reference to the fact that certain investigative techniques were or were not used, or that particular investigative steps were or were not taken, by the Government or military officials.  **You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all the evidence or lack of evidence in deciding, for each count, whether or not you find the Defendant guilty beyond a reasonable doubt.**

> In considering the evidence, I instruct you that there is no legal requirement that the Government or military officials use any specific investigation technique or prove its case through any particular means. While you are to carefully consider the evidence, or lack of evidence, adduced by the Government, and whether it is sufficient, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques. Law enforcement and investigative techniques are not your concern. Your concern, as I have said before, is to determine whether or not, on all the evidence or lack of evidence presented, the Government has proven Defendant's guilt beyond a reasonable doubt."

The second sentence could be read to invite the jury to consider the Government's conduct of the criminal investigation, rather than the evidence or lack of evidence at trial, in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt. Such an (incorrect) interpretation is possible in part because the defense has repeatedly suggested to the jury that the Government acted improperly or deficiently in its conduct of the investigation. *See, e.g.*, Tr. 190 ("Q: Did any investigators from the MP company at West Point ever interview any of the other attendees who were present when the incident allegedly took place in the ballroom on the fourth floor of Eisenhower Hall?"); Tr. 397 ("Q. You thought ringing the doorbell was sufficient. It didn't dawn on you to call on the cellphone?"). Indeed, defense counsel argued to the Court that it was entitled to suggest that the Government's investigation of the disorderly conduct charge was deficient: "I'm not suggesting it's unlawful. I'm suggesting it's not sufficiently thorough." (Tr. 202).

The Government recognizes that the bolded instruction has been given in other jury trials in this District, including *United States v. Torres*, 23 Cr. 395 (JGK) (2024), *United States v. Paduch*, 23 Cr. 181 (RA) (2024), and *United States v. Gray*, 21 Cr. 713 (PAE) (2024). Most courts, however, do not appear to have included this sentence, and have instead issued an instruction similar to that given by Judge Román in *United States v. Weingarten*, 19 Cr. 497 (NSR), Tr. 3564 (2024):

> You have heard references to certain investigative techniques that were used or not used by the government in this case. There is no legal requirement that the government prove its case through any particular means. While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why the government used the techniques it did or why it did not use other techniques. The government is not on trial. Law enforcement's techniques are not your concern.
>
> Your concern is to determine whether or not, based on the evidence or lack of evidence presented, a defendant's guilt has been proven beyond a reasonable doubt as to some or all of the crimes charged.

*See also United States v. Ferguson*, 22 Cr. 135 (RMB), Tr. 583 (2024); *United States v. Garelick*, 23 Cr. 307 (LJL), Tr. 1590 (2024); *United States v. Lingat*, 21 Cr. 573 (MKV), Tr. 1311-12 (2024); *United States v. Tartaglione*, 16 Cr. 832 (KMK), Tr. 3331 (2023); *United States v. Brend*, 22 Cr. 551 (JLR), Tr. 1540-41 (2024); *United States v. Whitehead*,

22 Cr. 692 (LGS), Tr. 1240-41 (2024); *United States v. Juan Orlando Hernandez*, 15 Cr. 379 (PKC), Tr. 1788 (2024); *United States v. Avenatti*, 19 Cr. 374 (JMF), Tr. 1732 (2022). The Government attaches these transcripts for the Court's consideration.

- Page 21 (Definition of "Motor Vehicle"):  The Government proposes including the bracketed text "private road open to motor vehicle traffic," and deleting the bracketed text "parking lot."

- Pages 21 (Consciousness of Guilt):  In the highlighted clause, the Government proposes the formulation "such as a breathalyzer test."

- Page 26 (Dates):  The Government proposes deleting this instruction as redundant with the instruction given on page 16 (Variance in Dates).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ 
Jared D. Hoffman
Alexander N. Li
Assistant United States Attorneys
Southern District of New York
(914) 993-1928 / (212) 637-2265

Andrea L. Mills
Special Assistant United States Attorney
Southern District of New York